STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
United States Attorney
Chief, Criminal Division
GREGORY BERNSTEIN (Cal. Bar No. 299204)
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California
     Telephone: 213-894-3183
     Email:     Gregory.Bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-77-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING RAGHAVENDER REDDY BUDAMALA |
| v. | |
| RAGHAVENDER REDDY BUDAMALA, | |
| Defendant. | |

### I.   *Introduction*

On June 21, 2022, defendant Raghavender Reddy Budamala ("Budamala") pled guilty pursuant to an agreement to Counts 1 and 10 of the indictment, which charged the defendant with 18 U.S.C. §§ 1344(2) (bank fraud) and 1957 (transactional money laundering).

For the reasons that follow, the government recommends that the Court sentence Budamala to 57 months in prison and three years of supervised release. The government also requests that the Court order Budamala to pay $5,151,497 in restitution to the Small Business Administration ("SBA").

## II. *Background*[1]

The facts of this case are relatively simple. Between January and August 2019, Budamala formed and acquired Hayventure LLC ("Hayventure"), Pioneer LLC ("Pioneer"), and XC International LLC ("XC International"), three companies with no business operations.

Following the outbreak of Covid-19, Budamala submitted to the SBA seven PPP and EIDL loan applications on behalf of those companies. Budamala represented to the administrating banks that his companies employed dozens of individuals and earned millions of dollars in revenue, and that he needed the money for payroll and business expenses. The SBA and its administrating banks funded six of the loans and disbursed $5,151,497 to Budamala's companies. Budamala applied to have several of the loans forgiven and represented that he used the SBA money entirely for payroll.

The loan applications were false. The listed addresses for the companies were bogus, nonexistent, or residential. Though Budamala submitted IRS Forms 941 for each of his companies, the IRS had no records for Hayventure, Pioneer, or XC International. The states where Budamala's companies purportedly operated had no records of those companies paying wages to any employees. Bank records for the companies reflected no significant business income or operating expenses. And in February 2021, Budamala told a special agent from the State Department that he wanted a passport because he thought it would help him get a job.

Once the loans were funded, Budamala used the money for personal expenditures. For instance, Budamala used almost all of loan proceeds

---

[1] The offense conduct is described in paragraphs 13 to 44 of the Presentence Report ("PSR") and paragraph 14 of the plea agreement.

to fund the purchase of a property in Los Angeles, the purchase of a property in Malibu, an investment in an EB-5 fund, a private placement investment, and the purchase of a residence in Irvine, and to fund a nearly $3 million investment in his personal TD Ameritrade account. The government is aware of no evidence that Budamala used any of the SBA's money for payroll.

**IV.  *Sentencing Guidelines Calculation***

The government and probation officer believe that the Court should calculate the guidelines as follows:

| | | | |
|---|---|---|---|
| Base offense level: | | 27 | 2S1.1(a)(1), 2B1.1(a)(1), (b)(1)(J), (b)(17)(A) |
| Money laundering: | | +1 | 2S1.1(b)(2)(A) |
| Acceptance of responsibility: | | -3 | 3E1.1 |
| Adjusted offense level: | | 25 | |

Plea agreement ¶ 16; PSR ¶¶ 51-66. Budamala appears to be in Criminal History Category I. His guideline range is 57 to 71 months in prison.

**IV.  *Section 3553(a) Factors***

In addition to the advisory guideline range, the Court should base its judgment on the Section 3553(a) factors and impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the community. *Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Carty*, 520 F.3d 984, 987 (9th Cir. 2008); 18 U.S.C. § 3353. The Section 3553(a) factors include, among other things, the nature and circumstances of the offense, the history and characteristics of the accused, the need to promote the enumerated goals of sentencing, and the need to avoid unwarranted disparities. *Id.*

This case is somewhat confounding. Budamala has no meaningful criminal history, PSR ¶ 71, and from what the government knows, never committed fraud before the events of this case. To the contrary, Budamala appears to be an intelligent person from a stable background. His father was a restaurant manager, his mother was a teacher, and his sister works in IT. PSR ¶¶ 78-79. Budamala has degrees in technology and computer science, and described his upbringing as "middle class." PSR ¶¶ 80, 95-96. And out of nowhere, Budamala submitted seven fraudulent loan applications and stole more than $5 million from the SBA. On the one hand, Budamala committed a crime (PPP and EIDL fraud) that calls for deterrence. On the other, Budamala is in a good position to lead a productive life once he's released from prison and returned to his home country.

Several other facts militate in favor of a low-end sentence. Budamala appears to suffer from a number of physical and mental health conditions, including seizures, anxiety, depression, and mild psychosis. PSR ¶¶ 85-92. Moreover, once he completes the custodial portion of his sentence, Budamala will be deported to India, which will make it difficult for him to "have regular contact with his son." PSR ¶ 83. And of significance to the government, once indicted, to help undo the harm he caused the SBA, Budamala worked diligently through counsel to resolve this case with a plea agreement and surrender his assets to the government. Under the circumstances, a low-end sentence is appropriate.

### V. *Restitution*

In the plea agreement, Budamala agreed that he caused an actual loss to the SBA of $5,151,497 and that he would pay restitution to the SBA. Plea Agreement ¶ 10; 18 U.S.C. § 3663A(b)(1) and (c)(1)

(providing for mandatory restitution to victims of property crimes in the amount of actual losses, including victims of any crime committed "by fraud or deceit"); *United States v. Kovall*, 857 F.3d 1060, 1064 (9th Cir. 2017) (MVRA requires court to order restitution for "any offense committed by fraud or deceit"). The government therefore requests that the Court order $5,151,497 in restitution to the SBA.

### VI. *Conclusion*

The government recommends that Budamala be sentenced to 57 months in prison and three years of supervised release. The government also requests that the Court order Budamala to pay $5,151,497 in restitution to the SBA.

Dated: September 6, 2022            Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Gregory Bernstein*
GREGORY BERNSTEIN
Assistant United States Attorney

5